IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DANA L. HARRIS,

      Plaintiff,                           06cv1054

v.                                             ELECTRONICALLY FILED

SUPERVALU HOLDINGS-PA LLC d/b/a
SHOP N SAVE, ELLEN DAMICO and
WENDY BELL,

      Defendants.

## Memorandum Opinion

**I.    Introduction**

This is an action for employment discrimination. *Pro se* plaintiff, who was formerly employed as a cashier at Shop N Save, alleges that defendants denied her of the right to pray during a scheduled company break and that she was suspended from job training based upon her religious preference. Plaintiff seeks damages in the amount of $3.5 million.

**II.    Procedural Background**

Plaintiff initiated suit on August 7, 2006 and her complaint was filed on August 23, 2006. (Doc. Nos. 1 and 3). On November 27, 2006, this Court held the initial case management conference, at which time the parties agreed and the Court ordered that based upon plaintiff's *pro se* status, a mediation before United States Magistrate Judge Francis X. Caiazza would be appropriate. (Doc. No. 16). Also, during the initial case management conference, the Court, after consultation with the parties, entered a Case Management Order setting forth certain deadlines, namely that the amended pleadings must be filed by January 26, 2007, that discovery was due by April 2, 2007, and that all summary judgment motions must be filed by May 1, 2007. (Doc. No. 14) The Court further entered a Pretrial Order flowing from the dates set forth in the

Case Management Order. The trial of this matter was set for July 2, 2007. (Doc. No. 15).

The mediation of this case before Judge Caiazza occurred on December 12, 2006. However, unfortunately, the case did not settle as a result of the mediation, and the Court was promptly notified of such. (Doc. No. 22). This Court then set a status conference for February 9, 2007. As a result of the status conference, the Court issued a (First) Revised Case Management Order and a (First) Revised Pretrial Order setting new deadlines, namely that Summary Judgment was due by April 10, 2007, and the response was due on April 20, 2007, and the trial date was reset for June 4, 2007. (Doc. Nos. 23 and 24).

Also, as a result of the February 9, 2007 status conference, and upon the Court's prompting, the parties agreed to pursue further mediation before Attorney James Logan at no cost to plaintiff as defendants graciously agreed to pay the entire costs of the mediation. (Doc. No. 25). Also, in an effort to assist *pro se* plaintiff, this Court successfully endeavored to appoint private counsel to serve in a *pro bono* capacity for the purpose of assisting plaintiff in the resolution of this case through private mediation. (Doc. No. 27). A mediation session was held on April 4, 2007. However, the case did not settle.

Subsequent to the February 9, 2007 status conference, but prior to the mediation, defendants filed a motion to extend time for case management deadlines (doc. no. 28) and the Court granted such motion and issued a (Second) Revised Case Management Order and a (Second) Revised Pretrial Order again setting new deadlines, namely that discovery would be completed by April 20, 2007, that summary judgment would be due by May 2, 2007, responses would be due by May 15, 2007, and the trial date was reset for June 5, 2007. (Doc. Nos. 29 and 30).

On April 9 and 10, 2007, *pro se* plaintiff filed several motions. Plaintiff filed a motion to request extension on summary judgment (doc. no. 33), which this Court denied by text order on April 11, 2007, for failure to attached a proposed order and the required discovery dispute certificate. Plaintiff also filed a motion in limine (doc. no. 31) and a motion to amend the complaint (doc. no. 34). The Court ordered defendants to respond to said motions by April 18, 2007 at noon. Also, on April 16, 2007, plaintiff filed a renewed motion to request extension on plaintiff's summary judgment (doc. no. 35) and this Court again ordered defendants to respond to said motion by April 18, 2007 at noon.

Currently pending are plaintiff's motion to request an extension on summary judgment (doc. no. 35), plaintiff's motion for leave to file an amended complaint (doc. no. 34), and plaintiff's motion in limine to exclude evidence of her prior criminal history and (doc. no. 31) at trial. Defendants have filed responses in opposition to all three instant motions.

### III.     Discussion

#### A.     Motion to Request an Extension on Summary Judgment (Doc. No. 35)

As for plaintiff's motion to request an extension on summary judgment (which was previously denied based upon plaintiff's failure to attach a proposed order and discovery dispute certificate), said motion is GRANTED IN PART AND DENIED IN PART.

It is difficult to discern from her motion whether plaintiff requests an extension of discovery, summary judgment, or both, but to the extent that plaintiff actually requests additional discovery time to conduct depositions, said motion is DENIED. Defendants contend, and plaintiff does not dispute, that during the nearly six months the Court has allotted for discovery, plaintiff has failed to take even one deposition. Although the Court is willing to work with

plaintiff, given her *pro se* status, the Court cannot reward plaintiff for her lack of diligence by extending the discovery dates even further.

However, to the extent plaintiff's motion requests that she may respond to summary judgment at a date beyond the current date of May 15, 2007, and even though defendants argue that plaintiff has again failed to comply with Local Rule 37.1 and has "misrepresented a supposed effort to confer," to give *pro se* plaintiff the benefit of every doubt, the Court will GRANT said motion and will allow plaintiff to file her response to any motion for summary judgment on or before May 22, 2007.  (A text order setting forth a new summary judgment response deadline for plaintiff will be issued forthwith).

B. **Plaintiff's Motion for Leave to File an Amended Complaint (Doc. No. 34)**

As set forth hereinabove, plaintiff filed her complaint on September 16, 2006, and on November 20, 2006, defendants filed an answer to the complaint.  The deadline for seeking to amend the complaint was on January 26, 2007.  On April 10, 2007, merely ten days prior to the "third" close of discovery, plaintiff now submits the instant motion seeking to assert claims arising under six federal and state statutes that were not implicated by her original complaint and have not been subject to any discovery in this matter.

Fed. R. Civ. P. 15(a) provides that a party may amend their complaint once as a matter of course and thereafter, only by leave of court or with the consent of the other parties.  Further, Rule 15(a) states that, "leave shall be freely given when justice so requires."  The decision whether to grant or deny a motion to amend a complaint is within the sound discretion of the district court.  *Thompson v. Glenmede Trust Co.*, 1993 WL 533201 (E.D. Pa. 1993)(citing *Avatar Exploration Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314 (5th Cir. 1991)).  A district court may

deny leave to amend where there has been undue delay, bad faith or dilatory motive on the part of the movant; where the amendment would prejudice the non-movant; or where the amendment would be futile.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  *See also Boileau v. Bethlehem Steel Corp.*, 730 F.2d 929, 938 (3d Cir. 1984).  "Prejudice to the non-moving party is the touchstone for the denial of an amendment." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 203 (3d Cir. 2006), quoting *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993).

Under the circumstances of this case, this Court has been more than reasonable in extending deadlines (on at least two occasions the Court reset Case Management and Pretrial deadlines), has helped *pro se* plaintiff to seek mediation at no cost to her and appointed an attorney to help her in that regard, and members of this Court's staff have had numerous telephone conversations with plaintiff concerning her filings and obligations.  To allow plaintiff at this late date to amend her complaint to add several new causes of action after she has failed to even undertake even one discovery deposition, therefore compelling defendants to spend even more money defending against new legal theories and allegations (none of which are or were "newly" discovered by plaintiff) would be unduly prejudicial to defendants.  Plaintiff seeks to significantly expand her previous claim under Title VII by now asserting that she was retaliated against and subjected to a hostile work environment when, in fact, none of these issues were raised in the initial complaint and no discovery has been taken to either substantiate or to disprove these claims.  The Court finds that plaintiff's motion to amend the complaint at this late juncture evidences bad faith or dilatory motive and the Court finds that such an amendment would be unduly prejudicial to the defendants.  Accordingly, for these reasons, plaintiff's motion for leave to file an amended complaint (doc. no. 34) is DENIED.

**C.     Plaintiff's Motion in Limine to Preclude Certain Evidence at Trial (Doc. No. 31).**

Finally, plaintiff has filed a motion in limine over one month prior to the deadline for filing said motions.  Plaintiff seeks to preclude defendants from presenting any evidence at trial relating to previous criminal conviction against plaintiff and to exclude mention of the details of her employment at Allegheny General Hospital.  Plaintiff also seeks protection from turning her medical counseling records over to defendant and requests an *in camera* review of said documents to determine which portions, if any, are relevant.

In defendants' opposition to plaintiff's motion in limine, defendants set forth that they wish to introduce testimony regarding various criminal convictions of plaintiff, not for the purpose of arguing that the fact that she was convicted reveals her to be untruthful, but rather, to show that plaintiff has repeatedly been untruthful in circumstances where plaintiff was obligated to tell the truth.  This Court agrees with defendants that the fact that plaintiff allegedly did not testify truthfully under oath (at her deposition) about these criminal convictions, as well as the fact that she did not list at least one conviction on her job application, is relevant as it is probative of her credibility and therefore, will be admitted at trial.

As for evidence regarding plaintiff's employment at Allegheny General Hospital, again, defendants seek to introduce such evidence because they have evidence that plaintiff allegedly was similarly untruthful about the fact that she was employed there, and that the circumstances of her departure from Allegheny General allegedly are inconsistent with her testimony.  This evidence is also relevant to plaintiff's credibility and will be admitted at trial.

Finally, plaintiff seeks protection from turning her medical counseling records over to defendants and requests an *in camera* review of her medical records to determine which portions,

if any, are relevant and should be disclosed. Plaintiff's motion in this regard is DENIED because defendants have a right to examine such documents since plaintiff has placed her mental and physical condition at issue by alleging psychological, emotional and physical distress damages. Plaintiff is hereby ordered to turn over all medical records sought by defendants request for production of documents by April 24, 2007.[1] The Court will not undertake an *in camera* review at this time.

An appropriate order follows.

                                                s/Arthur J. Schwab
                                                Arthur J. Schwab
                                                United States District Judge

cc:     All counsel of record

Dana L. Harris
7123 Penn Avenue
Apt. 3
Pittsburgh, PA 15208
PRO SE PLAINTIFF

James A. Prozzi
Joseph S. Palmiero
Mark Goldner
Jackson Lewis LLP
One PPG Place
28th Floor
Pittsburgh, PA 15222

---

[1] Discovery in this matter closes on April 20, 2007, but since this Order is also being issued on this date, plaintiff will be allotted an extra four (4) days to comply with her obligation to produce said documents.