IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DANA L. HARRIS,

    Plaintiff,                               06cv1054

    v.

SUPERVALU HOLDINGS-PA LLC,
SHOP N SAVE,
ELLEN DAMICO, WENDY BELL,

    Defendants.

## **MEMORANDUM OPINION**

**I.    Introduction**

This is an action for employment discrimination. *Pro se* plaintiff, Dana L. Harris ("Harris"), a former employee at SuperValu Shop N Save, alleges that defendants, SuperValu Holdings-PA LLC ("SuperValu"), Ellen Damico ("Damico"), and Wendy Bell ("Bell") (collectively referred to as "Defendants") discriminated against her on the basis of her religion, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 ("Title VII"). Plaintiff is seeking damages in the amount of $3.5 million.

Pending before this Court is defendants' motion for summary judgment (doc. no. 48). After careful consideration of the motion for summary judgment, plaintiff's response, the memoranda of law in support and in opposition to summary judgment, the Joint Statement of Undisputed Facts and the record properly before the Court, and for the reasons that follow, this Court will grant defendants' motion for summary judgment.

II.     **Procedural Background**

Plaintiff was granted leave to proceed *in forma pauperis* and she filed her complaint on August 23, 2006 (doc. no.3).  On November 27, 2006, this Court held the initial case management conference, at which the parties agreed and the Court ordered that based upon plaintiff's *pro se* status, a mediation before United States Magistrate Judge Francis X. Caiazza would be proper.  The Court, upon conferring with parties, entered a Case Management Order and a Pretrial Order, and scheduled the Final Pretrial Conference for June 27, 2007, and the trial date for July 2, 2007.

Mediation was conducted before Judge Caiazza on December 12, 2006 but the case did not settle.  (Minute Entry, doc. no. 22).  Following the mediation, a status conference was held on February 9, 2007 with several results.  The Court issued a (First) Revised Case Management Order and a (First) Revised Pretrial Order.  These orders set new deadlines for Summary Judgment at April 10, 2007 and the response on April 20, 2007.  (Doc. no. 23).  The trial date was re-scheduled for June 4, 2007.  (Doc. no. 24).  Additionally, the parties agreed to another session of private mediation with Attorney James Logan.  Private counsel was appointed for plaintiff in a *pro bono* capacity during the mediation process and defendants agreed to be responsible for the entire cost of the mediation.  (Doc. no. 27).  The mediation did not result in a settlement.

Defendants filed a motion to extend the time for case management deadlines (doc. no. 28) and this Court granted the motion, by issuing a (Second) Revised Case Management Order and a (Second) Revised Pretrial Order with new deadlines:  April 20, 2007 for discovery, May 2, 2007 for summary judgment, May 15, 2007 for responses, and June 5, 2007 for trial. (Docs. no. 29 and

30).

Plaintiff filed on April 9, 2007, a "Motion to Request Extension on Summary Judgment" (as submitted by plaintiff, doc. no. 33). On April 11, 2007, that motion was denied due to a failure to attach a proposed order and the requisite dispute certificate. Plaintiff also filed a motion in limine (doc. no. 31) on April 9, 2007 and a motion to amend the complaint on April 10, 2007 (doc. no. 34). Defendants were to reply to both motions by April 18, 2007. On April 16, 2007, plaintiff filed a renewed motion to request an extension on plaintiff's summary judgment (doc. no. 35) to which defendants were also to respond by April 18, 2007.

Plaintiff's motion in limine was denied as was the motion for leave to file an amended complaint. Plaintiff's motion to request an extension on summary judgment was granted in part and denied in part. (Doc. no. 42). The Court subsequently issued a text-only order extending plaintiff's response to summary judgment deadline to May 22, 2007. Plaintiff then filed a motion for leave for extension of discovery approximately thirty minutes after the Court had granted in part and denied in part plaintiff's motion to request an extension on summary judgment. (Doc. no. 43). This Court granted plaintiff's request to extend the close of discovery to April 27, 2007, because plaintiff had stated that the depositions originally scheduled for April 20, 2007 had to be cancelled since plaintiff had not notified opposing counsel.

On April 24, 2007, plaintiff filed a motion to compel to find the defense in contempt of court for failure to comply with the Federal Rules of Civil Procedure. (Doc. no. 44). Defendants were ordered to respond by April 27, 2007 at noon. This Court denied plaintiff's motion in large part due to the untimeliness of her request, since discovery had closed on April 20, 2007 (with the original discovery deadline being April 2, 2007) and due to her failure to comply with Local

Rule 37.1 (requiring the movant to confer in good faith with opposing counsel on discovery dispute).  Although the motion was denied in part, the Court ordered defendants to produce a series of documents by May 6, 2007.  These documents were to include:  Item VII (a copy of the job descriptions of Cashier, those working at the Customer Service Center, "CSM" (Customer Service Manager) / "PIC" (Person in Charge), Front End Manager; Item XIII (a copy of the policy and the procedure for promoting people from Cashier to Customer Service and CSM/PIC); and Item XVI (a copy of notes, memos, and documentation written in relation to plaintiff's complaints).  (Doc. no. 47).

Defendants filed a motion for summary judgment (doc. no. 48) on May 2, 2007 and an unopposed motion for extension of time to file summary judgment material, for which extension was necessitated by difficulty in coordinating joint filing obligations with the *pro se* plaintiff.  The parties filed a Joint Statement of Undisputed Material Facts ("Joint Statement") (doc. no. 56) Regarding Defendants' Motion for Summary Judgment.  On May 25, 2007, the Court cancelled all trial and pretrial filing deadlines pending its  ruling.[1]

---

[1] The rules of procedure and practice are relaxed with respect to *pro se* litigants, to some extent.  Where a party is representing himself/herself *pro se*, the complaint will be construed liberally, "and by extension all reasonable latitude must be afforded in the summary judgment context." *Kitzhoffer v. Brantley*, 2001 WL 767571, *3 (E.D.Pa. 2001) *quoting Woods v. Bentsen*, 889 F.Supp. 179, 184 (E.D.Pa. 1995) (internal citations omitted).  As is evident from the foregoing discussion of the procedural history of this case, the Court allowed Ms. Harris considerable leeway throughout the pretrial proceedings.  However, although *some* relaxation of the rules of procedure is appropriate, the Courts cannot grant a  *cart blanche* suspension of the rules of civil procedure regarding summary judgment to *pro se* plaintiffs. See *Anderson v. Morrow*, 2007 WL 626141 (W.D.Pa. 2007).  In order to survive a motion for summary judgment, plaintiffs, *pro se* or counseled, must respond with admissible evidence that creates more than a metaphysical doubt as to the essential elements of her claim.  *Id.*, at *2. Plaintiff has failed to do that.

**III.     Standard of Review**

Summary judgment, under Fed. R. Civ. P. 56(c) is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Woodside v. School Dist. Of Philadelphia Bd. Of Educ.*, 248 F.3d 129, 130 (3d Cir. 2001), *quoting Foehl v. United States*, 238 F.3d 474, 477 (3d Cir. 2001) (citations omitted). Deciding on a summary judgment motion requires that the court to "view the evidence . . . through the prism of the substantive evidentiary burden" in order to ascertain "whether a jury could reasonably find either that the plaintiff proved his case by the quality and quantity of the evidence required by the governing law or that he did not." *Anderson v. Consolidated Rail Corp.*, 297 F.3d 242, 247 (3d Cir. 2002), *quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986).

Where the non-moving party will bear the burden of proof at trial, the moving party's burden can be "discharged by 'showing' – that is pointing out to the District Court – that there is an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party has carried this burden, the burden shifts to the non-moving party who cannot rest on the allegations of the pleadings and must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Petruzzi's IGA Supermarkets, Inc. v. Darling-Delaware Co.*, 998 F.2d 1224, 1230 (3d Cir. 1993). The non-moving party must respond "by pointing to sufficient cognizable evidence to create material issues of fact concerning every element as to which the non-moving party will bear the burden of proof at trial." *Simpson v. Kay*

*Jewelers, Div. of Sterling, Inc.*, 142 F.3d 639, 643 n. 3 (3d Cir. 1998), *quoting Fuentes v. Perskie*, 32 F.3d 759, 762 n. 1 (3d Cir. 1994).

## IV.  Discussion

In claims of employment discrimination, the analysis rests within the framework of the *McDonnell Douglas* burden-shifting paradigm.  This burden-shifting analysis, as stated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973), dictates that  (1) plaintiff bears the burden of establishing a *prima facie* case of discrimination; (2) the burden then shifts to defendant to articulate a legitimate, nondiscriminatory reason for the adverse employment action; (3) if defendant meets its burden, plaintiff must prove by a preponderance of the evidence that defendant's proffered reason was a pretext for discrimination.  See also *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981); *St.  Mary's Honor Ctr.  v. Hicks*, 509 U.S. 502, 506-508 (1993).  Discrediting defendant's motion for summary judgment will require plaintiff to show "some evidence, direct or circumstantial, from which a factfinder could reasonably either: (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action." *Fuentes*, 32 F.3d 759 at 764.

Establishing a *prima facie* case of religious discrimination under Title VII requires plaintiff to show that:  (1) plaintiff is a member of the protected class, (2) plaintiff is qualified for the position, (3) plaintiff suffered an adverse employment decision, and (4) that an otherwise similarly situated person outside of the protected class received more favorable treatment.  See *Jones v. School Dist. of Philadelphia*, 198 F.3d 403, 411 (3d Cir. 1999); *Ezold v. Wolf, Block,*

*Schorr and Solis Cohen*, 983 F.2d 509, 522 (3d Cir. 1993).

Defendants argue that plaintiff has failed to prove a *prima facie* case of religious discrimination. Specifically, she failed to show that she has suffered an adverse employment decision and that others not members of her protected class received more favorable treatment. The Court agrees on both grounds.

As the non-moving party, plaintiff has to move beyond the pleadings and present "specific facts showing that there is a genuine issue for trial," Fed. R. Civ. P. 56(e); plaintiff cannot simply rely on unsupported assertions, conclusory allegations, or mere suspicions in order to survive a summary judgment motion. *Williams v. Borough of W. Chester*, 891 F.2d 458, 460 (3d Cir. 1989) (*citing Celotex*, 477 U.S. at 325 (1986)). Plaintiff "may not defeat a motion for summary judgment by the mere assertion, not documented by record evidence, that the facts are sufficient to support his or her claims." *Lyles v. Philadelphia Gas Works*, 2005 WL 639729, *1 (E.D.Pa. 2005) *quoting Sherrod v. Phila. Gas Works*, 209 F.Supp.2d 443, 448 (E.D.Pa. 2002).

    a.    <u>Plaintiff's Claim of Employment Discrimination Fails Because Plaintiff Has Not Shown an Adverse Employment Decision</u>

Plaintiff states that she was placed in training for the position of Customer Service Manager/Person-in-Charge on or about the month of March 2005. She informed Defendants of her religious beliefs. She asserts that defendants executed an adverse employment decision when she was denied the request to pray and then was suspended from training for the CSM/PIC "Position" as a result of her religious beliefs. Plaintiff, however, has not produced any evidence supporting her claim that she was denied training for the Position or that she suffered an adverse

employment decision at all. She has not supported her claim with matters and documentation properly submitted before the Court.[2]

A certain amount of clarification is needed in regards to the "Position" for which plaintiff is alleging suspension of training. The Position (that of CSM/PIC), as defined by plaintiff, did not actually exist in the East Village SuperValu store where plaintiff was employed. (Joint Statement, Paragraph 22). Rather, the position she was supposed to obtain training for was that of a PIC (Person in Charge) and not a CSM/PIC. The informal designation of PIC applied to those who worked as a front-end employee at the Customer Service Center during the absences of the actual Front End Managers. PICs did not receive any formal training but instead were required to work with an experienced employee to learn the duties of the position. The "CSM" moniker was indeed utilized by SuperValu (to refer to employees who held the position of Front

---

[2] In many instances, plaintiff did not provide supporting evidence for her statements; many were simply assertions with no reference to their source or any records submitted to the Court. See Paragraphs 5, 6, 7, 8, 11, 12, 13, 14 of Plaintiff's Responses to Defendants' Statement of Facts as examples of such omissions. (Joint Statement). When plaintiff did cite to sources, these sources differed in subject and content from plaintiff's assertions and appeared to be wholly disconnected from plaintiff's claim. See Paragraphs 8, 17, 19, 20, 24 of Plaintiff's Response to Defendants' Statement of Facts and the cited sources as examples of such conduct. (Joint Statement). In other cases, cited sources had not been submitted to the Court. See Paragraph N of Plaintiff's Counter-Statement of Facts and Defendants' Response, in which plaintiff alleges discrimination against a third party by referring to 'Plaintiff's Exhibit SVAL 15' which plaintiff did not provide as part of the record. (Joint Appendix Regarding Defendants' Motion for Summary Judgment) (to be referred to as "Joint Appendix"). The Court has considered Defendants' Motion to Strike Appendix, Statement of Facts and Exhibits from Plaintiff's Responses to Defendants' Statement of Undisputed Material Facts Regarding Motion for Summary (doc. no. 58) and Motion for Leave to File Excess Pages Regarding Brief in Support of Motion to Strike (doc. no. 60). As the Court has previously indicated, this Court has only considered only those matters which are properly before it. See note 1, *supra*, and accompanying text. Accordingly, Defendants' Motion to Strike Appendix, State of Facts and Exhibits from Plaintiff's Responses to Defendants' Statement of Undisputed Material Facts Regarding Motion for Summary will be denied. Defendants' Motion for Leave to File Excess Pages Regarding Brief in Support of Motion to Strike will be denied as moot.

End Manager) and by the work-scheduling computer program, Forecast On-Demand Schedule (also as identification of Front End Managers) but it was an informal designation that carried no indication of supervisory authority or higher pay or benefits.  (Joint Statement, Defendants Exhibits A (Bernosky Declaration), page 2, B (Bell Declaration), page 2, and C (Damico Declaration), page 2).  Furthermore, the positions of cashier and PIC were indistinguishable and conferred the same compensation, privileges, and benefits (Joint Statement, Paragraph 11).

Plaintiff argues that she was to receive training for the Position when she first started around March 2005, but she was subsequently removed due her Muslim beliefs.  Defendants argue that plaintiff was hired initially, on February 28, 2005, to work as a part-time cashier and did not suffer from an adverse employment decision.  Moreover, defendants state that even if plaintiff had been removed from training for the Position,[3] it would not have qualified as an adverse employment decision because it would not have been "serious and tangible enough to alter an employee's compensation, terms, conditions, or privileges of employment."  *Robinson v. City of Pittsburgh,* 120 F.3d 1286, 1300 (3d Cir.1997) (ruling that plaintiff's allegations of being subjected to "unsubstantiated oral reprimands" and "unnecessary derogatory comments" following her complaint did not constitute adverse employment action)).  Each position had the same status in terms of wages and benefits and privileges.  The Court agrees with defendants.  Plaintiff's re-designation as cashier would not have been "serious and tangible enough to alter . . . [her] . . . compensation, terms, conditions, or privileges of employment."

---

[3]  Defendants state that plaintiff eventually became a PIC in June 2006.  Plaintiff also confirmed her PIC designation occurring approximately in July 2006. (Joint Appendix , Defendants' Exhibit D (Harris Deposition, 89).

   b. <u>No Otherwise Similarly Situated Person Outside of the Protected Class Received More Favorable Treatment</u>

Despite plaintiff's claim of an "absolute evidence of record" showing that other non-protected employees (those that are not Muslim) obtained more favorable treatment (Plaintiff's Response to Defendants' Motion for Summary Judgment, 10) (doc. no. 54), she has not provided such evidence. The documentation submitted by plaintiff as proof of non-Muslims receiving favorable treatment does not support this element of the *prima facie* case. In plaintiff's Counter-Statement of Facts (Joint Statement, Paragraph EE), she alleges that another Muslim employee suffered adverse employment action in the form of removal from the work schedule. She cites to three exhibits included in the Joint Appendix, Plaintiff's Exhibits 15; SVAL15, Paragraph 4; and SVAL 16, Paragraphs 2 and 3. Plaintiff's Exhibits SVAL 15 and 16 are not present as part of the record in the Joint Appendix (see footnote 1 above). Plaintiff's Exhibit 15 appears to be a letter from Richard Bernosky (who was the Human Resources Manager for SuperValu during plaintiff's employment), to a Ms. Bianca Harris, another SuperValu Muslim employee at the East Village store, but it has not been authenticated. There is no visible signature of either Richard Bernosky or any other representative of SuperValu. The letter appears to discuss the conditions in which Ms. Bianca Harris will return to employment at the East Village Store. There is no mention of plaintiff, Dana Harris, or any information that is related to plaintiff and this particular matter, and it has no connection to her claim that she was suspended from training due to her Muslim beliefs.

      c.    <u>Defendants' Motion to Strike Appendix, Statement of Facts and Exhibits from Plaintiff's Responses to Defendants' Statement of Undisputed Material Facts Regarding Motion for Summary Judgment and Motion for Leave to File Excess Pages Regarding Brief in Support of Motion to Strike</u>

Defendants filed a Motion to Strike Appendix, Statement of Facts and Exhibits from Plaintiff's Responses to Defendants' Statement of Undisputed Material Facts Regarding Motion for Summary Judgment (doc. no. 58) and a Motion for Leave to File Excess Pages Regarding Brief in Support of Motion to Strike (doc. no. 60). As is apparent from the above discussion, the Court has only considered matters properly before it in deciding on the motion for summary judgment pursuant to Fed. R. Civ. P. 56(c). See note 2, *supra*. Accordingly, the Motion to Strike Appendix, Statement of Facts and Exhibits from Plaintiff's Responses to Defendants' State of Undisputed Material Facts Regarding Motion for Summary Judgment will be denied for the reasons set forth in the above discussion and the Motion for Leave to File Excess Pages Regarding Brief in Support of Motion to Strike will be denied as moot.

**V.   Conclusion**

For the foregoing reasons, Defendants' motion for summary judgment will be granted as to Plaintiff's claim. The appropriate order follows.

                            SO ORDERED this 4th day of June 2007.

                            /s/Arthur J. Schwab
                            Arthur J. Schwab
                            United States District Judge

cc:   all ECF registered counsel and pro se plaintiff

Dana L. Harris
7123 Penn Avenue
Apt. 3
Pittsburgh, PA 15208